UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

CIVIL ACTION NO. 1-22-CV-235-JL

SHIRLEY M. WOOD,

    Plaintiff

v.

U.S. BANK HOME MORTGAGE, and
U.S. BANK

    Defendants

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant U.S. Bank National Association[1] ("U.S. Bank"), submits this memorandum of law in support of its motion to dismiss the complaint ("*Complaint*") filed by plaintiff Shirley M. Wood ("Plaintiff") for failure to state a claim under *Fed. R. Civ. P*. 12(b)(6) and failure to provide a short and plain statement of the claims under *Fed. R. Civ. P.* 8(a)(2). *See* ECF No. 1. At bottom, the *Complaint* fails to state a claim upon which relief could be granted as required by *Fed. R. Civ. P*. 12(b)(6), particularly as U.S. Bank's actions were at all times in compliance with the terms of the mortgage contract.

---

[1] Plaintiff incorrectly sued U.S. Bank Home Mortgage, which is a trade name and not a separate legal entity.

1

# FACTS[2]

1. **The Note and Mortgage**

On or about November 2, 2001, Plaintiff executed a note in favor of Citizens Mortgage Corporation ("Citizens") in the amount of $ 95,000.00. ("*Note*"). A true and accurate copy of the *Note* is attached as Exhibit A.[3] On or about that same date, Plaintiff granted a mortgage ("*Mortgage*") to Citizens on the property located at 21 Granite Ridge, Belmont, New Hampshire (the "Property"). A true and accurate copy of the *Mortgage* is attached as Exhibit B. The *Mortgage* is recorded in the Belknap County Registry of Deeds (the "Registry") at book 1698 and pages 0148-0168. *See* Exhibit B.

On or about March 7, 2002, Citizens assigned the *Mortgage* to Mortgage Electronic Registration Systems, Inc. ("MERS"). The assignment is recorded at the Registry at book 1750 and page 947. A true and accurate copy of the assignment is attached as Exhibit C. On or about April 4, 2012, MERS assigned the *Mortgage* to U.S. Bank. The second assignment is recorded at the Registry at book 2766 page 955. A true and accurate copy of the second assignment of mortgage is attached as Exhibit D.

In 2012, the homeowner's association ("HOA") for the Plaintiff's community filed a lawsuit to collect past due common charges from October 2009 through November 2013. *Compl*.

---

[2] In the context of a motion to dismiss, all of the well-pled factual allegations of the Complaint must be accepted as true. Defendant reserves the right to challenge those factual claims in an appropriate procedural context as and to the extent the same becomes necessary. In addition, while Plaintiff's factual allegations must be presumed true for purposes of this motion, her conclusions of law are not entitled to any such presumption. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

[3] This Court may consider a recorded mortgage and assignment of mortgage, which are matters of public record, without converting the Motion to Dismiss to a Motion for Summary Judgment. *See Greene v. Rhode Island*, 398 F. 3d 45, 48-49 (1st Cir. 2005). The court can also consider documents specifically referenced in the *Complaint* but not attached hereto, such as the *Note*. *See Clorox Co. Puerto Rico v. Proctor & Gamble Comm. Co.*, 228 F.3d 24, 32 (1st Cir. 2000) (stating that the court may consider a document integral or explicitly relied upon in the complaint and that when the document contradicts allegations in the complaint, the document trumps the allegations). The *Note*, although not attached to the *Complaint*, forms the basis of the loan at issue in this matter and is secured by the *Mortgage*, making it an integral part of the complaint.

2

at page 3. The HOA obtained judgment and eventually scheduled a foreclosure auction on the lien. *Compl.* at pages 3-4. U.S. Bank, as the mortgagee with an interest in the Property, received demand notices for payment of the judgment in January 2020. *Compl.* at pages 4-5. U.S. Bank made the payments pursuant to its rights under the *Mortgage*. *See* <u>Exhibit B</u> at Condo Rider, ¶ F. U.S. Bank continued to make payments to the HOA following Plaintiff's failure to make the required payments herself. *Compl.* at page 5. U.S. Bank has made a total of $61,682.75 to the HOA, which funds were assessed to the Plaintiff's escrow account and have become part of the debt owed. *Compl.* at pages 5-6.

As a result, Plaintiff's monthly payment was recalculated to account for the HOA escrow advances, and increased from $863.76 to $4,980.13. *Compl.* at page 6. Plaintiff requested a longer repayment period in order to reduce the monthly payment, and U.S. Bank reduced the monthly payment to $1,921.04 to accommodate her. *Id*. Despite this agreement, Plaintiff failed to make the full $1,921.04 payment each month. *Compl.* at page 7. Plaintiff's failure to make timely and full payments is a breach of the *Mortgage*. On or about January 3, 2022 and on or about February 23, 2022, U.S. Bank advised Plaintiff she was in default and provided a notice to cure the default. *Compl.* at page 7. Plaintiff failed to cure the default, and U.S. Bank proceeded with the foreclosure process. *Compl.* at page 7.[4]

In July 2021, U.S. Bank offered Plaintiff a loan modification to assist the Plaintiff. *Compl.* at page 17, Plaintiff rejected the offer. *Id*. at page 19.

**2.    The *Complaint's* Allegations**

The *Complaint* sets forth four counts based on U.S. Bank's payment of the HOA judgment and common charges, in addition to a loan modification offer that Plaintiff declined:

---

[4] U.S. Bank has voluntarily cancelled the scheduled auction date and has not set a new date at this time.

1. Negligence- Related to payment of the HOA lien;

2. Breach of Law- Related to 12 CFR 1026.36(c) for failure to credit payments;

3. Breach of Law- Related to 12 USC 2605(e)(3) for negative credit reporting;

4. Negligence- Related to a loan modification offer.

At core of Plaintiff's claims are based on her allegations that U.S. Bank should not have made any payments towards the HOA lien. Plaintiff alleges that the HOA's lien could not have obtained a priority position over the *Mortgage*. In addition, Plaintiff alleges that U.S. Bank failed to properly credit her account for payments made, and wrongfully reported her account to the credit reporting agencies within sixty days of purported Qualified Written Requests.

Each of these claims fail as a matter of law, as the *Mortgage* makes clear U.S. Bank is permitted to make the HOA payments following Plaintiff's failure to make them herself. Indeed, contrary to Plaintiff's claims, U.S. Bank may make payments to the HOA even if its lien priority is not in jeopardy. U.S. Bank thus properly applied the payments to the account, reported the account correctly to credit reporting agencies, and provided the opportunity to modify the loan with the correct new principal balance.

## STANDARD OF REVIEW

The Court should dismiss this matter pursuant to both *Fed. R. Civ. P.* 8(a)(2) and *Fed. R. Civ. P.* 12(b)(6) as the *Complaint* does not provide sufficient notice of the claims and where it arguably spells out those claims they are not sufficient to justify that relief. *Fed. R. Civ. P.* 8(a)(2) states that a "pleading that contains a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this requirement, the complaint must "give the defendant fair notice of the claim and its factual basis," and "possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Ser. Exch. Comm. v. Tambone*, 550

4

F.3d 106, 118 (1st Cir. 2008) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 557 (2007)). A court may dismiss a complaint that is "unnecessarily lengthy, repetitive, convoluted, or otherwise difficult to comprehend...." *Chalifoux v. Chalifoux*, No. 14-CV-136 SM, 2014 WL 1681626, at *1 (D.N.H. Apr. 25, 2014). Dismissal is also appropriate where the complaint fails to conform with *Rule* 8(a)'s 'short and plain statement' mandate. *See Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1st Cir. 1993) (dismissing 43 page complaint that failed to comply with the short and plain statement requirement).

The Court should also dismiss this matter pursuant to *Fed. R. Civ. P.* 12(b)(6) as the *Complaint's* claims are not sufficient to justify the relief requested. Dismissal pursuant to *Fed. R. Civ. P.* 12(b)(6) is appropriate when a complaint fails to allege "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Facial plausibility requires factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court must presume that all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Fitzgerald v. Harris*, 549 F.3d 46, 52 (1st Cir. 2008). In contrast, legal conclusions are not entitled to a presumption of truth, and a plaintiff's factual allegations must constitute "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The Court is not required to "credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, or subjective characterization, optimistic predictions, or problematic suppositions." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Wash. Legal Found. v. Mass. Bar Found.*, 993 F.2d 962, 971 (1st Cir. 1993)) (internal quotations omitted). Rather, "[t]he factual

130654013v.1

allegations in a complaint must possess enough heft to set forth a plausible entitlement to relief." *Gagliardi,* 513 F.3d at 305 (internal quotations omitted).

## ARGUMENT

**1.    The *Complaint* Fails to Satisfy *Fed. R. Civ. P.* 8(a)(2)**

As stated above, *Fed. R. Civ. P.* 8(a)(2) allows a court to dismiss a complaint that is "unnecessarily lengthy, repetitive, convoluted, or otherwise difficult to comprehend...." *Chalifoux v. Chalifoux*, No. 14-CV-136 SM, 2014 WL 1681626, at *1 (D.N.H. Apr. 25, 2014). Dismissal is also appropriate where the complaint fails to conform with *Rule* 8(a)'s 'short and plain statement' mandate. *See Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1st Cir. 1993) (dismissing 43 page complaint that failed to comply with the short and plain statement requirement).

Here, Plaintiff's amorphous *Complaint* is 21 pages long with no numbered paragraphs throughout. Additionally, from the substance of the *Complaint* it is difficult to comprehend or ascertain Plaintiff's legal claims, making it difficult to isolate factual statements for U.S. Bank to investigate. Several pages of the *Complaint* reference non-parties such as Fannie Mae, with no indication the Plaintiff has standing to bring what appear to be claims on Fannie Mae's behalf, or perhaps against them. The *Complaint* hardly constitutes fair notice to U.S. Bank of Plaintiff's claims and their factual basis. Accordingly, the *Complaint* should be dismissed for failure to comply with *Fed. R. Civ.P.* 8(a)(2).

Although U.S Bank respectfully submits that this Court need look no further to dismiss Plaintiff's *Complaint*, to the extent the *Complaint* can arguably be construed as advancing any actual causes of action against U.S. Bank, such claims nonetheless fail for substantive reasons too.

**2.    The *Complaint* Fails to Set Forth Any Claims Upon Which Relief May be Granted.**

　　A.    U.S. Bank Does Not Owe Plaintiff Any Duty in Negligence

Plaintiff alleges U.S. Bank was negligent in making payments to the HOA because the *Mortgage* pre-dated *N.H. Rev. Stat.* § 356-B:46. Plaintiff correctly states that an HOA lien would not have priority over the *Mortgage*. But Plaintiff's claim still fails on two grounds. First, U.S. Bank does not have a duty in negligence to a borrower, as the relationship is contractual in nature. Second, the contract between the parties, the *Mortgage*, permits U.S. Bank to make the HOA payments regardless of any priority liens, and to include any such payments in the total principal amount due on the loan.

The relationship between a lender and a borrower is contractual in nature. *Moore v. Mortg. Elec. Reg. Sys. Inc.*, 848 F. Supp. 2d 107, 135-36 (D.N.H. 2012). The existence of such a contractual relationship typically prohibits recovery in tort. *See id., citing Wyle v. Lees*, 33 A.3d 1187, 1190-91 (2011); *Crowley v. Global Realty, Inc.*, 124 N.H. 814, 817 (1984) ("recovery of damages for mental suffering and emotional distress is not generally permitted in actions arising out of breach of contract"). A defendant bank or servicer generally owes no duty of care in negligence to its borrower under New Hampshire law. *See, e.g., Pruden v. CitiMortgage, Inc.*, 2014 WL 2142155, at *18-19 (D. N.H. May 23, 2014). As here, where Plaintiff advances a claim sounding in tort, "the burden is on the borrower, seeking to impose liability, to prove the lender's voluntary assumption of activities beyond those traditionally associated with the normal role of a money lender." *Moore,* 848 F. Supp. 2d at 133*, citing Seymour v. N.H. Sav. Bank*, 131 N.H. 753, 759 (1989).

Plaintiff cannot plausibly meet her burden to assert a negligence claim, because the *Mortgage* explicitly gives the mortgagee the right, though not obligation, to make HOA payments if the mortgagor fails to make them. The *Mortgage* further states that if the mortgagor does advance payment for the HOA fees, that payment would become part of the debt owed. *See* <u>Exhibit B</u>, at

Condo Rider, ¶ F. Although U.S. Bank had no obligation to make such payments, it certainly had the right to make them and to collect the advance from Plaintiff. Thus the allegation that U.S. Bank breached some unstated duty to Plaintiff is contradicted by the agreement between the parties and must be dismissed.

 B. <u>U.S. Bank Properly Credited Plaintiff's Partial Payments Pursuant to the *Mortgage*</u>

Plaintiff alleges that U.S. Bank failed to properly credit her payments in breach of 12 CFR 1026.36(c). 12 USC 1026.36(c)(1) concerning payment processing provides:

> (i) Periodic payments… "A periodic payment, as used in this paragraph (c), is an amount sufficient to coverprincipal, interest and escrow (if applicable) for a given billing cycle….
>
> (ii) Partial payments. Any servicer that retains a partial payment, meaning any payment less than a periodic payment in a suspense or unapplied funds account shall:
>
>  (A) Disclose to the consumer the total amount of funds held in such suspense or unapplied funds account on the period statement…; and
>  (B) On accumulation of sufficient funds to cover a periodic payment in any suspense or unapplied funds account, treat such funds as a periodic payment received in accordance with paragraph c(1)(i) of this section.

Plaintiff appears to argue that U.S. Bank was obligated to honor her request to hold the HOA payments it made in a separate escrow account. According to Plaintiff, repayment of those advances could not be part of the 'periodic payments,' so her failure to make the full monthly payments was not a breach of the *Mortgage*. However, the CFPB's official interpretation of §1026.36(c)(1)(i) states, "The method by which periodic payments shall be credited is based on the legal obligation between the creditor and consumer, subject to applicable law."

The Court need not credit allegations which are contradicted by documents to which the *Complaint* directly refers, such as the *Mortgage*. *See Clorox Co. Puerto Rico v. Proctor & Gamble*

8

*Comm. Co*., 228 F.3d 24, 32 (1st Cir. 2000) (stating that the court may consider a document integral or explicitly relied upon in the complaint and that when the document contradicts allegations in the complaint, the document trumps the allegations). Here, the legal obligation between the creditor and consumer is the *Mortgage*, and the condominium rider clearly states that the mortgagee can advance HOA payments if the borrower fails to make them, and such advance would become part of the debt. The *Mortgage* specifically states that "[i]f Borrower does not pay condominium dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment." *See* Exhibit B Condominium Rider ¶ F. There is no indication in the *Mortgage* that such payment could or would be held in a separate account, or not collected from the borrower through the periodic payments of principal, interest and escrow charges. There is also no requirement for the HOA lien to be perfected through litigation, or to have the ability to take priority over the *Mortgage* before the Lender is permitted to make any HOA payments that borrower fails to make, and to consider that advance additional debt.

Under the express terms of the *Mortgage*, the additional HOA payments made by U.S. Bank became an additional debt secured by the *Mortgage*. The payments resulted in a significant shortage to the escrow account, and borrower is required by the terms of the *Mortgage* to repay that shortage. *See* Exhibit B at ¶ 3. Plaintiff admits U.S. Bank demanded repayment of the escrow shortage. *Compl*. at page 6. She further admits the monthly payment amount was reduced at her request. *Id*. at page 7. Yet, she failed to make the full and timely higher monthly payments to repay

the escrow advances. Under the terms of the *Mortgage,* if a monthly payment is insufficient to bring the account current, included principal, interest and escrow payments plus any late fees, then the lender does not have to accept the partial payments. *See* Exhibit B. Plaintiff admits she refused to make the full agreed upon $1,921 payment. *Compl*. at page 7. Thus U.S. Bank was free to reject the payments as insufficient to bring the account current. Based on the facts as admitted on the face of the *Complaint*, Plaintiff failed to make the required monthly payments, the loan was in default, and U.S. Bank was free to enforce the terms of the *Mortgage* through a non-judicial foreclosure process.

C. <u>U.S. Bank Suspended Credit Reports For the First of Serial Purported QWR Letters</u>

Plaintiff claims U.S. Bank violated 12 USC § 2605(e)(3) but issuing negative credit reports to the credit reporting agencies ("CRAs") within 60 days of her Qualified Written Requests. Section 2065(e)(3) states:

> During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency (as such term is defined under section 1681a of title 15).

12 USC 2605(e)(3). At best, Plaintiff claims she sent communications to U.S. Bank in March through May 2022, disagreeing with their position that they were permitted to make the HOA payments and add the advances to the debt owed. *Compl*. at pages 9, 11, 12, 14 and 16.

As a threshold matter, Plaintiff fails to allege that her duplicative complaints were actually proper QWRs. *Compl*. at page 16. In fact, she only alleges that letters sent in March, April and May 2022 requested U.S. Bank accept payments that were insufficient to reinstate her account. *Id*. ("Letters from the plaintiff to the defendant have extended over many months in which defendant

10

reported negative credit information. Letters with requests to accept payments in March, April and May 2022, were processed at approximately the same time as the negative credit reporting for the same months.") But a request to accept a post-default payment short of the reinstatement amount is not a dispute or a QWR.

To the extent that Plaintiff's QWR claim relates to letters sent before March 2022, Plaintiff admits that U.S. Bank responded to those complaints, but that she simply disagreed with their responses. *Compl*. at page 11 and 12. Plaintiff admits U.S. Bank did not report the loan in default from August 2021 through February 2022. *Compl*. at page 16. U.S. Bank did not resume credit reporting the loan until March 2022, after U.S. Bank provided a notice to cure and Plaintiff failed to cure the default. *Id*. Plaintiff does not, because she cannot, claim that U.S. Bank is prevented from providing information regarding the defaulted loan to the credit reporting agencies after responding to Plaintiff's initial communications simply because Plaintiff resends the same letter.

To state a claim under RESPA, Plaintiff is required to allege either actual damages, or a pattern of non-compliance. 12 U.S.C. § 2605(f)(1). Where Plaintiff has failed to allege either, she cannot maintain a claim under the statute. *Moore*, 848 F. Supp. 2nd at 122. "In order to plead 'actual damages' sufficiently, the plaintiff must allege specific damages and identify how the purported RESPA violations caused those damages." *Moore v. Mortg. Elec. Reg. Sys., Inc.*, 848 F. Supp. 2d 107, 122 (D.N.H. 2012) (*quoting Okoye v. Bank of N.Y. Mellon*, Civ. No. 10-11563-DPW, 2011 WL 3269686, at *17 (D. Mass. July 28, 2011)). Here, Plaintiff has failed to allege any monetary loss resulting from U.S. Bank's resumption of credit reporting in March 2022 after a seven month pause. Plaintiff received responses to her purported QWRs, she just did not agree with U.S. Bank's conclusions. She fails to claim that U.S. Bank's credit reporting caused her any

pecuniary damages. In fact, the clear cause of any unalleged damages is her failure to make full and timely payments.

   D. U.S. Bank Owes No Duty to Plaintiff in Relation to Loan Modifications. Further, Plaintiff Lacks Standing to Challenge U.S. Bank's Compliance with Fannie Mae Servicing Guidelines

As stated above in Section 2(a), Plaintiff cannot sustain a negligence claim against U.S. Bank where the parties' relationship is contractual in nature. *See* supra for explanation of lack of standing to bring a negligence claim. There is no obligation to offer a loan modification under the *Mortgage*, especially on the terms demanded by the Borrower. *Moore*, 848 F. Supp. 2d at 130. The *Complaint* alleges that U.S. Bank provided a proposed loan modification to assist the Plaintiff to cure the default, which Plaintiff declined. *Compl.* at page 17. It is axiomatic that this cannot give rise to a negligence claim where U.S. Bank had no duty to offer a loan modification in the first instance.

Regardless, Plaintiff is factually incorrect that the noted principal balance on the proposed modification was wrong. Based on the terms of the *Mortgage*, any amounts paid by the Lender under the Condominium Rider become additional debt owed by the Borrower. *See* Exhibit B at Condo Rider, ¶ F. Moreover, that additional debt is interest bearing. *Id*. Thus the inclusion of the amounts U.S. Bank paid to the HOA after Plaintiff's failure to pay were rightfully included in the new total principal balance under the proposed modification and are part of the interest bearing debt owed. Of course, Plaintiff was free to reject the modification offer if she disliked the terms, which she did. *Compl*. at page 19. There are no allegations related to the proposed modification that could plausibly support a negligence claim.

It is unclear if Plaintiff is making a claim that U.S. Bank failed to comply with Fannie Mae's servicing standards. However, any such attempt would fail, as Plaintiff lacks standing to

12

assert the rights of Fannie Mae, which is not a party to this litigation. Plaintiff is not a party to any servicing agreement between U.S. Bank and Fannie Mae and thus has no standing to allege non-compliance. *See. Moore,* 848 F. Supp. 2d at 133. Even if Plaintiff had some standing to challenge compliance with Fannie Mae' servicing agreement, such a claim would sound in contract, not tort. *Id*. And Plaintiff's claim would still fail particularly as she cannot prove that she was an intended third party beneficiary of the agreement between Fannie Mae and U.S. Bank related to loan servicing. *Id*. at 128. (Finding the borrowers failed to allege they were intended third party beneficiaries of the agreement between Fannie Mae and the loan servicer related to HAMP, where the agreement was between Fannie Mae and the loan servicer only.)

## CONCLUSION

Plaintiff's *Complaint* must be dismissed as a matter of law. The *Mortgage* permitted U.S. Bank to make the HOA payments Plaintiff refused to make. Those payments were added to the debt, as allowed by the *Mortgage*. Plaintiff requested and obtained an extended repayment period to bring the resulting escrow shortage current, yet refused to make those payments. As a result, the loan fell into default. Plaintiff has declined a loan modification offer and refused to cure the default, thus U.S. Bank is entitled to proceed with a foreclosure auction.

WHEREFORE U.S. Bank respectfully requests the Complaint be dismissed with prejudice.

Dated: November 28, 2022         RESPECTFULLY SUBMITTED BY

                                 U.S. Bank National Association

                                 */s/ Stephanie Sprague*

                                 Daron L. Janis, Esq. NH Bar # 271361
                                 Locke Lord LLP
                                 111 Huntington Avenue, 9th Floor

Boston, MA 02199-7613
(617) 239-0124
djanis@lockelord.com

Tara L. Trifon, Esq. *Pro Hac Vice*
Locke Lord LLP
20 Church Street, 20th Floor
Hartford, CT 06103
(860) 541-7740
tara.trifon@lockelord.com

Stephanie Sprague, *Pro Hac Vice*
Locke Lord, LLP
111 Huntington Ave., 8th Floor
Boston, MA 02199
(617) 239-0222
Stephanie.sprague@lockelord.com

COUNSEL FOR DEFENDANT

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 28th day of November 2022, this document, filed through the e-filing, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

Shirley Wood
21 Granite Ridge Drive
Belmont, NH 03220

*/s/ Stephanie Sprague*
Daron L. Janis