UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Shirley Wood

     v.                            Civil No. 1:22-cv-00235-JL
                                     Opinion No. 2023 DNH 070

U.S. Bank, et al.

## **MEMORANDUM ORDER**

Borrower and pro se plaintiff Shirley Wood has filed suit against defendants U.S. Bank and U.S. Bank Home Mortgage[1] (collectively, "U.S. Bank") arising from actions they took, or refused to take, following Wood's failure to pay assessments to her condominium association. After briefing and oral argument on U.S. Bank's motion to dismiss, the court issued an order granting the motion in part and denying it in part. The court dismissed Wood's negligence claims and truth in lending regulatory claims but allowed her the opportunity to amend her claim under the Real Estate Settlement Procedures Act ("RESPA"). Following the court's order, Wood filed a "motion to alter or amend judgment" (doc. no. 22) and an Amended Complaint (doc. no. 23).[2] U.S. Bank objects to the motion to alter and moves to dismiss the amended complaint.

The court has jurisdiction over this matter under 28 U.S.C. §§ 1331 (federal question) because Wood's remaining claim arises from a federal statute. After

---

[1] "U.S. Bank Home Mortgage" is a trade name and not a separate legal entity.

[2] Wood's amended complaint appeared to name U.S. Bank's attorney Daron Janis as a defendant. See doc. no. 23 at 1. Wood has since clarified, however, that she did not intend to name Mr. Janis as a defendant or state a claim against him. See doc. no. 27.

considering the parties' submissions and hearing oral argument, the court denies the motion to alter and grants the motion to dismiss.  Wood raises improper arguments for reconsideration of the court's prior order, but even if the court could consider them, the arguments do not persuade the court that reconsideration is warranted.  As for U.S. Bank's motion to dismiss the RESPA claim, although Wood initially opposed U.S. Bank's motion, she has since agreed to withdraw that claim.[3]  The motion is granted as a result of Wood's withdrawal and because she has failed to sufficiently allege that U.S. Bank's alleged violation of RESPA caused her any actual damages.

## I.   **Applicable legal standards**

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(e).  Where, as here, judgment has not entered, a motion to alter or amend a judgment is premature.  The court nevertheless construes Wood's motion as a motion for reconsideration of its order on U.S. Bank's first motion to dismiss.  Reconsideration is an "extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).  "To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law" or fact.  Id.; see also Deka Int'l S.A. v. Genzyme Corp. (In re Genzyme Corp. Sec. Litig.), 754 F.3d 31, 46 (1st Cir. 2014) (noting that the court may grant a Rule 59(e) motion based on an intervening change in the law, a manifest error of law or fact

---

[3] See doc. no. 30.

underlying the judgment, or newly discovered evidence that could not have been produced before judgment was entered).  A motion for reconsideration is not, however, "a vehicle for a party to . . . advance arguments that could and should have been presented to the district court prior to" its underlying order, United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009), or "reargu[e] theories previously advanced and rejected." Palmer, 465 F.3d at 30.

To defeat a Rule 12(b)(6) motion, Wood must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015).  This standard "demands that a party do more than suggest in conclusory terms the existence of questions of fact about the elements of a claim."  A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 81 (1st Cir. 2013).  In ruling on such a motion, the court accepts as true all well-pleaded facts set forth in Wood's amended complaint and draws all reasonable inferences in her favor.  See Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010). The court may consider judicially noticed documents, matters of public record (like recorded mortgages and related documents), and documents introduced by Wood in her objection to the motion to dismiss or concessions in that objection, without converting the 12(b)(6) motion into a motion for summary judgment.  See Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019); Greene v. Rhode Island, 398 F.3d 45, 49 (1st Cir. 2005).  It may also "consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint,

without converting the motion." Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000).[4]

Because Wood is proceeding pro se, the court construes her amended complaint liberally.  See Erikson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal citations omitted) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").  Pro se status, however, "does not insulate a party from complying with procedural and substantive law.  Even under a liberal construction, the complaint must adequately allege the elements of a claim with the requisite supporting facts."  Chiras v. Associated Credit Servs., Inc., No. 12-10871-TSH, 2012 WL 3025093, at *1 n.1 (D. Mass. July 23, 2012) (quoting Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (internal citation and quotation marks omitted)).

## II.   **Background**

The court recited the relevant factual background in its order on U.S. Bank's first motion to dismiss and incorporates that background here by reference.  See Wood v. U.S. Bank, No. 1:22-CV-00235-JL, 2023 WL 1097733, at *2 (D.N.H. Jan. 26, 2023).  In that order, the court granted Wood leave to amend only Count 3 for violations of RESPA, 12 U.S.C. § 2605(e)(3).  Id. at *6.  In its order allowing amendment, and following a lengthy

---

[4] When "a written instrument contradicts allegations in the complaint" which refers to it, however, the written instrument trumps the allegations.  Clorox Co. P.R., 228 F.3d at 32.

discussion with Wood at oral argument about the proposed amendment, the court

instructed Wood that:

> The amended claim shall focus on the letters Wood purportedly sent to U.S.
> Bank in March, April, and May 2022.  Wood shall explain the contents of
> those letters (or provide complete copies of the letters as exhibits to her
> amended complaint).  Furthermore, she should explain in the amended
> complaint why those letters meet the statutory definition of QWRs.  See 12
> U.S.C. § 2605(e)(1)(B).  And finally, the amended complaint shall allege
> what actual damages (including any emotional distress) Wood suffered and
> explain how U.S. Bank's purported RESPA violations caused those
> damages.

Order (doc. no. 21) at 1 (quotations omitted).  Wood timely filed an Amended

Complaint.[5]  U.S. Bank then moved to dismiss Wood's amended Count 3.  Wood initially

objected to U.S. Bank's motion, but in a supplemental brief, she later informed the court

that she planned to withdraw Count 3.[6]  At oral argument, Wood confirmed that she

wished to withdraw Count 3 and explained her reasons for doing so and her

understanding of the implications of withdrawing the claim.

Following oral argument, Wood filed a motion requesting that Counts 2 and 3 be

"withdrawn and removed" from her amended complaint.[7]  In effect, Wood is seeking to

further amend her complaint to assert only negligence claims against the defendants and

afford her the opportunity to re-file Counts 2 and 3 at a later time in a separate action.

---

[5] See doc. no. 23.  Wood re-asserted the now-dismissed Counts 1-2 and 4 in her Amended
Complaint.  As the court is denying Wood's motion to reconsider its prior dismissal of those
counts, see supra § III, A., those counts are no longer part of this case.

[6] See doc. no. 29.

[7] See doc. no. 30.

She essentially seeks to voluntarily dismiss Counts 2 and 3 without prejudice.  U.S. Bank objects to Wood's request that any dismissal of Counts 2 and 3 be without prejudice.[8]

The court cannot grant Wood's motion to withdraw for several reasons.  First, with respect to Count 2, the court has already dismissed that claim without the opportunity for further amendment and, as explained below, the court declines to reconsider its dismissal order.  Thus, Wood's motion to amend her complaint to "withdraw" or "remove" Count 2 is denied as moot.

As for Count 3, the parties and the court have expended substantial time and resources into determining whether Wood's complaints have stated a claim for violation of RESPA.  The court afforded Wood an opportunity to file an amended Count 3, which she did.  The parties then fully briefed U.S. Bank's motion to dismiss amended Count 3 and the court held oral argument on the motion.  After all of this effort, Wood has decided she no longer wishes to pursue this claim at this time and would like the opportunity to pursue it later.  Granting Wood's withdrawal request and dismissing Count 3 without prejudice would unfairly prejudice U.S. Bank and allow Wood to attempt to avoid res judicata and litigate her claims in piecemeal.  Whether intentional or not, the court cannot allow such attempted gamesmanship from Wood.  Wood's written motion to withdraw Count 3 without prejudice is accordingly denied.

---

[8] See doc. no. 31.

III.   **Analysis**

The court begins by addressing Wood's motion for reconsideration, before turning to U.S. Bank's motion to dismiss the amended complaint.

A.   **Reconsideration**

U.S. Bank argues that Wood's motion to alter or amend judgment – if properly construed as a motion for reconsideration – should be denied as untimely.  Local Rule 7.2(d) requires parties to file motions for reconsideration of interlocutory orders within 14 days of the order.  Wood did not file her motion within 14 days of the underlying order.  The court nevertheless excuses Wood's untimely filing because she reasonably, but mistakenly, believed that the proper vehicle for her arguments was a motion to alter or amend judgment.  The court will therefore not deny Wood's motion on this basis.

U.S. Bank also argues that Wood's motion fails on the merits.  The court agrees. Wood seeks reconsideration of the court's findings about U.S. Bank's legal relationship with her.  The court found that U.S. Bank's (as lender and mortgagee) relationship with Wood (as borrower and mortgagor) was contractual in nature.  In her briefing for the underlying motion and at oral argument, Wood contended that U.S. Bank was not her lender/mortgagee.  The court rejected that argument based on publicly recorded documents showing an assignment of her mortgage to U.S. Bank in April 2012.[9]  Because the court has already considered and rejected this argument, and a motion for

---

[9] See Mortgage Assignment (doc. no. 16-2).

reconsideration is not the proper mechanism for rearguing "previously advanced and rejected" points, reconsideration is not warranted.  Palmer, 465 F.3d at 30.

Wood has also not introduced new evidence refuting U.S. Bank's status as lender/mortgagee.  Instead, she contends that U.S. Bank is the servicer of her mortgage and Fannie Mae is an "investor."[10]  The documents Wood offers do not show that Fannie Mae is in fact her lender; another entity's status as investor on a loan is irrelevant to the legal and contractual relationship between U.S. Bank and Wood.  Moreover, even if U.S. Bank is also the servicer of Wood's mortgage, the relationship between servicer and borrower is also contractual in nature, and Wood "has not alleged facts demonstrating that" U.S. Bank undertook activities beyond its normal duties as a servicer that could impose upon it a duty in tort.  Moore v. Mort. Elec. Reg. Sys. Inc., 848 F. Supp. 2d 107, 133 (D.N.H. 2012) (finding that loan servicer owed no tort duty to borrower where borrower failed to allege that the servicer voluntarily assumed duties beyond those traditionally associated with the normal servicer role).[11]

Finally, Wood argues that the court should reconsider its dismissal of her Truth in Lending regulatory claim because it decided that claim "without oral or written argument from the plaintiff."  Doc. no. 22 at 7.  The court is not persuaded.  Regardless of whether Wood responded to U.S. Bank's arguments for dismissal of this claim, the court still had

---

[10] Doc. no. 22 at 5-6.

[11] Wood's promissory note is endorsed in blank.  See doc. no. 16-2 at 4.  U.S. Bank's counsel represented at oral argument that U.S. Bank has possession of the original note and is therefore the noteholder.

"the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." Vega-Encarnacion v. Babilonia, 344 F.3d 37, 41 (1st Cir. 2003). The court closely reviewed the allegations in Wood's complaint and independently assessed whether they were sufficient to state a claim and whether U.S. Bank's dismissal arguments had merit. Construing Wood's claim liberally and drawing all inferences from the factual allegations in the complaint in her favor, the court found that Wood did not state a claim for violation of Truth in Lending Regulation Z against U.S. Bank, regardless of U.S. Bank's alleged status as lender, mortgagee, or servicer. Wood has raised no valid arguments as to why this ruling should be disturbed on reconsideration.

The court will therefore not reconsider its order dismissing Wood's negligence and Truth in Lending regulatory claims. Wood's motion to alter or amend judgment – as construed as a motion for reconsideration – is denied.

### B.    Motion to dismiss

As noted above, in a supplemental filing, Wood stated that she planned to "motion to withdraw claim#3(Amended Complaint, Document 23, pages 15 -18, which alleges violations of 12 USC § 2605(e)(3))."[12] The court confirmed with Wood at oral argument that she in fact wished to withdraw Count 3. As a result, U.S. Bank's motion to dismiss Count 3 is granted on the basis of Wood's withdrawal of that claim. Out of an abundance of caution, however, and given Wood's apparent propensity to changing her mind as to

---

[12] Doc. no. 29 at 12.

which claims she wishes to pursue in this litigation, the court addresses U.S. Bank's additional arguments for dismissal of Count 3.

Wood alleges that U.S. Bank violated RESPA by issuing negative credit reports to the credit reporting agencies within 60 days of receiving a "Qualified Written Request" or QWR from Wood.  See 12 U.S.C. § 2605(e)(3).  In support of her amended Count 3, Wood added allegations about the statutory definition of a QWR, additional facts about her credit report and history, and the conclusion that the letters she sent to U.S. Bank in March and April 2022 met the definition of a QWR.[13]  She also added allegations about the alleged harm she suffered as a result of U.S. Bank's alleged violation of RESPA.[14]  U.S. Bank moves to dismiss amended Count 3 for failure to state a claim, arguing that the three letters Wood sent to U.S. Bank in March and April 2022 do not constitute QWRs as a matter of law and that Wood has again failed to allege that she suffered damages as a result of U.S. Bank's purported RESPA violations.  The court considers U.S. Bank's arguments in turn.

**QWR.**  RESPA broadly defines a QWR as "a written correspondence . . . that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer

---

[13] See doc. no. 23 at 16-17.  As instructed by the court, Wood also provided copies of the letters as attachments to her amended complaint.  See doc. nos. 23-1 – 23-3.

[14] Id. at 17.

regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).  The

three letters at issue here expressly identify Wood as the borrower and state her mortgage

number.  That satisfies subpart (i) of the statute.

At least one of the letters at issue, dated March 8, 2022, satisfies subpart (ii) of the

statute because, fairly read and construed in Wood's favor, it includes a statement of

Wood's reasons that she believes the account is in error and also requests information

from U.S. Bank.  U.S. Bank nevertheless contends that the March 8 letter is a duplicate of

prior QWRs from Wood that the bank responded to and, while responding, suspended

credit reporting for an extended period.  Under the applicable regulations, U.S. Bank

asserts that because it suspended negative credit reporting in response to Wood's prior

letters, it did not have to similarly suspend in response to her later duplicate request.  See

12 C.F.R. § 1024.35(g)(1)(i).

Specifically, under this regulation:

A servicer is not required to comply with the [credit reporting suspension requirement] if the servicer reasonably determines that . . . [t]he asserted error is substantially the same as an error previously asserted by the borrower for which the servicer has previously complied with its obligation to respond pursuant to paragraphs (d) and (e) of this section, unless the borrower provides new and material information to support the asserted error. New and material information means information that was not reviewed by the servicer in connection with investigating a prior notice of the same error and is reasonably likely to change the servicer's prior determination about the error.

Id.  While U.S. Bank's argument again has superficial appeal, the court cannot determine,

based on the allegations in Wood's complaint and the content of the letters, whether

Wood "provide[d] new and material information to support the asserted error" in her

March 8 letter.  Id.  Under the regulation, if the borrower provides new and material information – as compared to prior, duplicate QWRs – the exception to the credit reporting suspension requirement does not apply.  Moreover, while the March 8 letter appears to assert the same alleged error that Wood's prior letters asserted, the court does not have copies of those prior letters and cannot determine with certainty whether they were truly "duplicative."  Because the court cannot determine whether the exception applies without additional factfinding, resolution of that legal issue is improper at the motion to dismiss stage.  The court therefore assumes, without deciding, that Wood sent at least one QWR to U.S. Bank in March or April 2022.[15]  U.S. Bank's motion to dismiss Count 3 on this basis is denied.

**Damages**.  U.S. Bank further argues that Wood has failed to sufficiently plead actual damages in her amended complaint.  At the first oral argument, the court had a lengthy discussion with Wood about the shortcomings in the allegations of damages in her original complaint.  It then ordered Wood to "allege [in her amended complaint] what actual damages (including any emotional distress) [she] suffered and explain how U.S. Bank's purported RESPA violations caused those damages."  Doc. no. 21 at 1.  In response, Wood added the following:

---

[15] The court does not reach U.S. Bank's arguments as to why the other two letters do not meet the definition of QWRs.  The court notes, however, that failing to use the terms "notice of error" or "request for information" in the letter, or sending the letter to an allegedly incorrect address, do not necessary disqualify a letter from constituting a QWR, as U.S. Bank contends.  See Ghuman v. Wells Fargo Bank, N.A., 989 F. Supp. 2d 994, 1006 (E.D. Cal. 2013) ("Congress intended for RESPA to protect consumers, and it would be 'inconsistent with Congress's intent that the statute serve a broad remedial purpose' to find that a QWR must contain some 'magic' words.") (quoting Medrano v. Flagstar Bank, FSB, 704 F.3d 661, 666 (9th Cir. 2012)).

The plaintiff's auto insurance is renewed every six months in October and April. The October 2021 invoice was significantly increased, even as the insured automobile decreased in value. Insurance companies rely on credit information to support increases. New Hampshire §412:15, Rate Regulations, shows that the New Hampshire Department of Insurance has statutes that allow increases based on credit reporting. A decrease in monthly credit score, resulted from negative credit reports, and increased insurance rates; increased percentage rates for credit card activity, and created reduction of the car lessors "best deal".

Amended Complaint at 17; see also id. at 23 ("The plaintiff respectfully requests the following relief: . . . For damages for failure to comply with USC § 2605(e)(3), Protection Of Credit Rating[.]").

"In order to plead 'actual damages' sufficiently, the plaintiff must allege specific damages and identify how the purported RESPA violations caused those damages." Moore, 848 F. Supp. 2d at 122 (quoting Okoye v. Bank of N.Y. Mellon, No. 10–cv–11563–DPW, 2011 WL 3269686, *17 (D. Mass. July 28, 2011) (Woodlock, J.)).  Fairly construed, Wood alleges that her automobile insurance increased in October 2021, her monthly credit score decreased at some unspecified time as a result of "negative credit reports," and her annual percentage rates on her credit card(s) increased at some unspecified time.  U.S. Bank asserts that these new allegations remain insufficient to state a claim for a violation of RESPA.  The court agrees with U.S. Bank.

Wood's allegation that her automobile insurance increased in October 2021 clearly cannot form the basis for damages arising from alleged RESPA violations that occurred in March 2022.  Similarly, U.S. Bank's resumption of negative credit reporting in March 2022 could not have negatively affected Wood's eligibility for an escrow waiver in December 2020 as she argues.  Nor does U.S. Bank's alleged compliance with RESPA

between August 2021 and February 2022 – when (despite a large delinquency) it suspended any negative reporting and noted that there was "no data" to report for Wood's account – establish actual damages for its alleged violations in March 2022.[16]

That leaves Wood's allegation that her monthly credit score decreased and the annual percentage rates on her credit card increased.  Wood fails to allege that these events caused her pecuniary or other loss.  She also does not allege when these events occurred, how much her credit score decreased, or how much her APR increased.  Courts have taken divergent approaches to similarly vague and conclusory allegations of damages; some have found them sufficient to state a claim, others not.  Compare Houston v. U.S. Bank Home Mortg. Wisconsin Servicing, 505 F. App'x 543, 548 (6th Cir. 2012) (allegation that plaintiff suffered "financial and emotional damages" and "stress, mental anguish, embarrassment, and humiliation" sufficient), Pendleton v. Wells Fargo Bank, N.A., 993 F. Supp. 2d 1150, 1153 (C.D. Cal. 2013) (finding allegations that plaintiff "suffered actual pecuniary damages that include, but are not limited to, the over calculation and overpayment of interest on Plaintiff's Loan, the costs of repairing Plaintiff's credit, the reduction and/or elimination of Plaintiff's credit limits", without more, sufficient), and Stroman v. Bank of Am. Corp., 852 F. Supp. 2d 1366, 1373 (N.D. Ga. 2012) (allegation that plaintiff's "credit score sank and she experienced reduced access to credit" were sufficient "concrete economic harm" to make it "plausible that she

---

[16] Wood raises this new argument for the first time in her objection to U.S. Bank's motion to dismiss.  See doc. no. 27 at 7.

suffered actual damages"), with Okoye, 2011 WL 3269686, *17 (allegation that plaintiffs "have been and continue to be damaged," without more, was insufficient to plead the necessary element of damages for a RESPA claim), Davidson v. Countrywide Home Loans, Inc., No. 09-CV-2694-IEG JMA, 2011 WL 1157569, at *4 (S.D. Cal. Mar. 29, 2011) ("Plaintiffs' conclusory allegations that they "were damaged" and incurred legal fees are insufficient to maintain a claim under RESPA."), Sullivan v. JP Morgan Chase Bank, NA, 725 F.Supp.2d 1087, 1095 (E.D.Cal.2010) (plaintiff's allegation that he "suffered and continues to suffer damages and costs of suit" insufficient to state a RESPA claim), and Anokhin v. BAC Home Loan Servicing, LP, No. 2:10-CV-00395, 2010 WL 3294367, at *3 (E.D. Cal. Aug. 20, 2010) ("Plaintiff's conclusory statement that she suffered negative credit ratings does not itself establish actual damages.").

"Because RESPA is a consumer protection statute" and the above-cited authority is inconclusive, had the court not dismissed the claim on the basis of Wood's withdrawal, it would have found that she has, at a minimum, sufficiently alleged the categories of actual damages she suffered.  Moore, 848 F. Supp. 2d at 122 (finding plaintiff's allegation that they suffered "severe mental anguish" and "emotional distress", without additional explanation, sufficient to allege damages for a RESPA violation).

Crucially, however, Wood fails to allege that U.S. Bank's resumption of negative credit reporting in March 2022 caused her credit score to drop, her APR to increase, or any other pecuniary loss.  Instead, she alleges that these events occurred at some unspecified time "result[ing] from negative credit reports."  Doc. no. 23 at 17.  According to an excerpt of Wood's credit report that she submitted with her original complaint,

however, U.S. Bank reported that her account was past due in every month beginning in August 2020 through July 2021.[17]  It then suspended reporting in August 2021 through February 2022 and resumed negative reporting in March 2022.[18]  The court thus cannot reasonably infer from Wood's allegations and the documents she submitted with her complaint U.S. Bank's negative reporting in March 2022 (and not its prior reporting or some other entity's negative reporting) caused her credit score to decrease and her APR to increase.  See Durland v. Fieldstone Mortg. Co., No. 10CV125 JLS (CAB), 2011 WL 805924, *3 (S.D. Cal. Mar. 1, 2011) ("Plaintiff fails to establish any causal relation between the alleged pecuniary losses and Litton's failure to respond to his informational requests. . . .  Further, Plaintiff does not allege any causal link between the reduction in his credit rating and Litton's failure to adequately respond to his QWRs.  Nor does Plaintiff allege why the reduction caused him to suffer damages.  A negative credit rating is not a loss at all, unless that rating cause[s] damage to the plaintiff as evidenced by, for example, failing to qualify for a home mortgage.") (emphasis added) (citation and quotations omitted).

Both of Wood's complaints are devoid of any allegation that could plausibly give rise to the inference of a causal connection between U.S. Bank's March 2022 resumption of credit reporting and Wood's alleged damages.  Thus, even if Wood had not withdrawn

---

[17] See doc. no. 3 at 26.

[18] Id.

amended Count 3, the court would have dismissed it based on certain arguments in U.S. Bank's motion to dismiss.  U.S. Bank's motion to dismiss is accordingly granted.

## IV.   <u>Conclusion</u>

For the reasons set forth above, Wood's motion to alter or amend the judgment is DENIED[19], Wood's motion to withdraw[20] is DENIED, and U.S. Bank's motion to dismiss[21] is GRANTED.  The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

Joseph N. Laplante
United States District Judge

Dated:  June 7, 2023

cc:   Shirley M. Wood, pro se
      Daron L. Janis, Esq.
      Stephanie Sprague, Esq.
      Tara L. Trifon, Esq.

---

[19] Doc. no. 22.

[20] Doc. no. 30.

[21] Doc. no. 25.